**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1880
_____

MIRIAM OSORIO,
                    Appellant

v.

TCV COMMUNITY SERVICES;
RICHARD WHITE; DAWN BERARDO;
ASHLEY LEONARD BRINKMAN;
CAPITAL HEALTHCARE SOLUTIONS INC
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:19-cv-00660)
District Judge:  Honorable J. Nicholas Ranjan

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 8, 2023
Before:  JORDAN, GREENAWAY, JR., and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed June 15, 2023)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Miriam Osorio appeals pro se from an order of the District Court granting summary judgment in favor of all the Defendants. For the reasons discussed below, we will affirm the District Court's judgment.

## I.

Because we write primarily for the benefit of the parties, we recite only the important facts and procedural history. In July 2019, Miriam Osorio filed a complaint in the Western District of Pennsylvania against TCV Community Services, Richard White, Dawn Berardo, and Ashley Leonard Brinkman (collectively, the "TCV Defendants") and Capital Healthcare Solutions Inc. ("Capital"). Osorio thereafter amended her complaint. The Amended Complaint alleged various claims under Pennsylvania state law, Title VII of the Civil Rights Act of 1964, and the Fair Labor Standards Act ("FLSA"), arising out of her loss of work for Capital at TCV Community Services.

Capital is a healthcare staffing agency that contracts with other organizations in order to provide healthcare professionals to work as staff. TCV Community Services is one such organization, which provides drug and alcohol recovery services, behavioral health services, and other services to individuals in Pennsylvania. During the time relevant to this action, Defendants White, Berardo, and Brinkman were TCV Community Services supervisors or directors. Osorio's Amended Complaint asserts that, beginning in May 2017, she was an employee of Capital and worked in numerous TCV Community Services locations throughout her employment.

2

Osorio's claims primarily arise from the events that took place on January 19, 2019, when she was accused of "theft" and "meanness" to clients. See Plaintiff's Amended Complaint ("Am. Compl."), Dkt No. 39, at 6. TCV Community Services subsequently advised Capital that Osorio should be removed from the schedule at TCV facilities. As a result, Osorio filed a civil complaint, asserting the following claims: (1) defamation, (2) retaliation under the FLSA, (3) retaliation under Title VII, (4) discrimination under Title VII, (5) wrongful termination, (6) harassment under Title VII, (7) hostile work environment under Title VII, (8) vicarious liability, and (9) intentional infliction of emotional distress. See id. 6–15.

Following several discovery disputes, wherein Osorio was sanctioned, TCV Defendants and Capital (separately) moved for summary judgment against Osorio. In February 2022, the Magistrate Judge entered a Report and Recommendation ("R&R"), recommending that the motions be granted and that judgment be entered in favor of all defendants. On April 25, 2022, the District Court overruled Osorio's objections, adopted the R&R, granted the motions for summary judgment, and entered judgment in favor of the defendants. Osorio appeals.

II.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a grant of summary judgment, applying the same standard that the District Court applies. Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 141 (3d Cir. 2017). Summary judgment is appropriate "if the movant shows that there is no

3

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We review for abuse of discretion a district court's discovery orders. Anderson v. Wachovia Mortg. Corp., 621 F.3d 261, 281 (3d Cir. 2010).

## III.

On Appeal, Osorio first challenges several of the Magistrate Judge's scheduling and discovery orders. See Pro Se Brief, at 32. Though Osorio's appellate brief fails to articulate her specific challenges to the discovery orders, we interpret Osorio's arguments as challenging the denial of her motions to compel discovery, the orders compelling her to participate in discovery (including her appearance at her deposition), and the imposition of sanctions.

We conclude that the District Court (through the Magistrate Judge) did not abuse its discretion by denying Osorio's motions to compel discovery. See Dkt Nos. 91 & 96. As noted by the District Court, Osorio sought information that was duplicative of discovery already provided, as well as information that was irrelevant to the case. See Fed. R. Civ. P. 26(b)(1) (stating that discovery must be "relevant" and "proportional to the needs of the case"). We additionally conclude that the District Court did not abuse its discretion by granting the Defendants' motions to compel discovery and for sanctions. See Dkt Nos. 71, 72, 86, 87, 102, 104, 117. As described by the District Court, Osorio repeatedly failed to respond to discovery requests, missed discovery deadlines, and violated the Court's discovery orders. See Dkt No. 104, at 2–5. Defendants filed

4

multiple motions for sanctions citing her failures to comply and the District Court informed her several times that additional discovery violations would result in sanctions. On September 22, 2020, based on its analysis of the factors laid out in <u>Poulis v. State Farm Fire & Cas. Co.</u>, 747 F.2d 863, 868 (3d Cir. 1984), the District Court imposed sanctions pursuant to Federal Rule of Civil Procedure 37.[1] The District Court acted within its discretion and Osorio has failed to demonstrate otherwise.

IV.

In addition to challenging various discovery orders, Osorio challenges the District Court's grant of summary judgment in favor of the Defendants. However, Osorio's brief on appeal fails to assert any specific challenge to the Magistrate Judge's conclusions, adopted by the District Court. Rather, Osorio makes repeated conclusory assertions that the District Court misapplied the law, granted summary judgment prematurely, and did not properly review the facts in the record. Because Osorio has failed to meaningfully challenge the District Court's resolutions of her claims, they are forfeited on appeal. <u>See M.S. ex rel. Hall v. Susquehanna Twp. Sch. Dist.</u>, 969 F.3d 120, 124 n.2 (3d Cir. 2020) (holding that arguments not raised in an opening brief on appeal are forfeited); <u>see also Barna v. Bd. of Sch. Directors of Panther Valley Sch. Dist.</u>, 877 F.3d 136, 145–46 (3d

---

[1] Specifically, the District Court prohibited Osorio from opposing the Defendants' defenses and from introducing testimonial evidence not previously disclosed regarding certain claims. Dkt No. 104, at 8–9. Additionally, the District Court granted Defendants an adverse inference for certain documents requested but not produced and finally, notified Osorio that continued discovery violations would result in the action being dismissed. <u>Id.</u> at 9.

Cir. 2017) (refusing to "consider ill-developed arguments or those not properly raised and discussed in the appellate briefing"). Although we construe pro se filings liberally, this policy has not prevented us from applying the forfeiture doctrine to pro se appeals. See Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (noting that pro se litigants "must abide by the same rules that apply to all other litigants").

In an abundance of caution, however, we have independently assessed the District Court's rulings and determined that they were proper. Regarding Count I, defamation, the District Court correctly concluded that the allegedly defamatory statements were subject to conditional privilege. See Maier v. Maretti, 671 A.2d 701, 706 (Pa. Super. Ct. 1995). As to Count II, retaliation in violation of the FLSA, the District Court properly determined that Osorio failed to demonstrate that she engaged in protected activity because she did not assert rights protected by the FLSA. Regarding Osorio's claims under Title VII, Counts III–VIII, the District Court properly granted summary judgment in favor of Capital because Osorio failed to exhaust administrative remedies with respect to Capital prior to filing her complaint. See Mandel v. M & Q Packaging Corp., 706 F.3d 157, 163 (3d Cir. 2013). The District Court properly granted summary judgment on her Title VII claims against the individual TCV defendants because such claims cannot be maintained against these individuals, see Sheridan v. E.I. DuPont de Nemours & Co., 100 F.3d 1061, 1077–78 (3d Cir. 1996) (en banc), and properly granted summary judgment on her Title VII claims against TCV Community Services because Osorio failed to demonstrate that TCV Community Services was her employer under Title VII, see

6

Covington v. Int'l Ass'n of Approved Basketball Officials, 710 F.3d 114, 119 (3d Cir. 2013).  Finally, the District Court properly granted summary judgment in favor of all defendants on Count IX, intentional infliction of emotional distress, since she failed to demonstrate "intentional outrageous or extreme conduct by the defendant, which causes severe emotional distress to the plaintiff."  Reedy v. Evanson, 615 F.3d 197, 231 (3d Cir. 2010) (citing Swisher v. Pitz, 868 A.2d 1228, 1230 (Pa. Super. Ct. 2005)).

V.

For these reasons, we will affirm the judgment of the District Court.